UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**TONYA R. DAKARI,**

                        **Appellant,**

        **-V-**                                         **04-CV-452 (NAM)**

**NAVY FEDERAL CREDIT UNION,**

                        **Appellee.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:
Tonya R. Dakari
Appellant, *pro se*

Menter, Rudin Law Firm
Jeffrey A. Dove, Esq., of Counsel
500 South Salina Street, Suite 500
Syracuse, New York 13202
Attorneys for Appellee

**Hon. Norman A. Mordue, D.J.:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Presently before the Court is a *pro se* appeal from an order of Hon. Stephen D. Gerling, Bankruptcy Judge, dated March 19, 2004, dismissing appellant's adversary proceeding. For the reasons set forth herein, the Court affirms Bankruptcy Court's order.

### BACKGROUND

      Briefly, the background of this matter is as follows. Appellant, the debtor in a Chapter 13 proceeding, commenced an adversary proceeding on September 29, 2003, against appellee, a creditor in the bankruptcy case. The adversary complaint, titled "Debtor's Challenge to Validity of Secured Lien on Certificate of Title for 2002 Isuzu Axiom Automobile," alleges:

> The debtor Plaintiff would like to say, Navy Federal Credit Union did not act in "good faith" with the debtor Plaintiff as for the fair dealing with the "Certificate of Title" to the automobile.  The automobile has not been in the Debtor Plaintiff Dakari's name since the purchase of the car on July 14, 2001.
>
> The Debtor Plaintiff has requested numerous times for the creditor defendant to turn over the certificate of title to the debtor plaintiff so as to perfect and secure the automobile in the debtor Plaintiff's name.  At the present the certificate of title is in the debtor's Plaintiff's son name.  In which he has no signature on the automobile loan.  He is not a co-signor he is nothing to the creditor defendants.  He never signed any credit application on my behalf. The loan was completely signed by the debtor plaintiff.
>
> The creditor defendants do not have a perfected secured interest in the [vehicle.] [T]he lien they have on the certificate of title is not a valid lien.  They would have to go after the debtor's plaintiff's son who at the present time is the owner of the car by Department of Motor Vehicle Laws not the debtor plaintiff.
> ***
> The debtor plaintiff does not believe the creditor defendant has a legal security interest against the debtor plaintiff on the automobile in question.
>
> WHEREFORE, debtor plaintiff prays for relief to remove the illegal lien against the debtor's plaintiff son on the certificate of title making the lien null and void for the debtor plaintiff has no legal rights to the automobile.

(Paragraph numbering omitted.)

On October 20, 2003, Bankruptcy Court dismissed appellant's Chapter 13 case.  On January 20, 2004, Bankruptcy Court conditionally vacated the dismissal order, conditioned upon appellant's filing and service of a Notice of Confirmation Hearing within 20 days and payment to the Chapter 13 Trustee within 30 days the sum of $560, representing arrears in payments under the Chapter 13 plan.

On March 8, 2004, the Chapter 13 Trustee filed an affidavit stating that the appellant had failed to comply with the conditional order of January 30, 2004.  Accordingly, on March 11, 2004, Bankruptcy Court issued an order dismissing the case effective as of October 20, 2003, and providing that "creditors may now look directly to the debtor for satisfaction of any

balances owing on their claims."

At the time the bankruptcy case was dismissed, a motion by appellee to dismiss the adversary proceeding was pending in Bankruptcy Court. Appellee argued that the adversary proceeding should be dismissed on the ground of *res judicata* because appellant had brought the same claims, or could have done so, in a previous lawsuit in the Eastern District of Virginia. In opposition to appellee's dismissal motion, appellant made a motion asking Bankruptcy Court to retain jurisdiction over the adversary proceeding. On March 19, 2004, Bankruptcy Court denied appellant's motion and dismissed the adversary proceeding. The appeal from the March 19, 2004 order is presently before this Court.

## DISCUSSION

Appellee contends that Bankruptcy Court properly dismissed the adversary proceeding after the bankruptcy proceeding was dismissed. This Court agrees. The general rule is that "related proceedings ordinarily should be dismissed following the termination of the underlying bankruptcy case." *Porges v. Gruntal & Co., Inc.* 44 F.3d 159, 162 (2d Cir. 1995). This is because "a bankruptcy court's jurisdiction over such related proceedings depends on the proceedings' nexus to the underlying bankruptcy case." *Id.* In certain cases, however, a bankruptcy court may properly exercise its discretion to retain jurisdiction over an adversary proceeding upon consideration of the following four factors: judicial economy, convenience to the parties, fairness and comity. *Id.* at 162-63.

In the case at bar, consideration of the four factors articulated in *Porges* supports Bankruptcy Court's dismissal of the adversary proceeding. First, the adversary proceeding was in its initial stages. Thus, neither judicial economy nor convenience to the parties supports

retention of Bankruptcy Court jurisdiction.[1]  Further, there is nothing in the record to suggest that dismissal of the adversary proceeding resulted in unfairness to either party.  And, finally, the dispute does not involve the Bankruptcy Code, nor is it a claim that could only arise in the context of a bankruptcy case; rather, it concerns state-law issues relating to the validity of a lien on an automobile.  Considerations of comity thus do not favor retention of the adversary proceeding.  Accordingly, Bankruptcy Court's order dismissing the adversary proceeding reflects neither an abuse of discretion nor an error of law.

### CONCLUSION

It is therefore

ORDERED that the Order of Bankruptcy Court, Hon. Stephen D. Gerling, filed March 19, 2004, is AFFIRMED.

IT IS SO ORDERED.
May 9, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge

---

[1] In contrast, in the *Porges* case, the Second Circuit approved retention of jurisdiction over an adversary proceeding after dismissal of the bankruptcy case where the court had conducted a trial on all contested issues and had issued a decision, and the matter awaited only the filing of findings of fact and conclusions of law and the entry of a judgment.  The Second Circuit observed: "To have declined jurisdiction at that stage would have served no useful purpose, and would have wasted the resources already invested by the parties and the court.  Further, it would be unfair to compel [the creditor] to relitigate the matter, particularly where, as here, a debtor voluntarily submitted himself to the jurisdiction of the bankruptcy court and thereby forced a creditor to litigate its claims in that forum." 44 F.3d at 163 (citations omitted).